OPINION *Page 2 
{¶ 1} In 1999, appellee, Vision Industries, Inc., formed a partnership with appellant, Steven Price, to operate its screen printing shop. Appellant had been the owner of Dakota Graphics, Inc. The new partnership was called Paragon Graphics, Ltd., with appellee owning a 51% interest and appellant owning a 49% interest. The parties entered into several leases with Paragon for the rental of space and equipment.
 {¶ 2} In 2002, appellee Vision, including its controlling share of Paragon, was sold to Universal Digital Communications, Inc., a company owned by Rob Ridenour. In 2004, the parties agreed Paragon would have to be dissolved, but could not agree on terms.
 {¶ 3} On February 25, 2005, appellant, along with his former company, Dakota Graphics, filed a complaint against Ridenour and appellees Vision and Paragon, claiming breach of contract, conversion, breach of fiduciary duty, and slander. Appellants sought replevin and a judicial dissolution of Paragon. Appellees counterclaimed, claiming appellant Price had breached his fiduciary duties.
 {¶ 4} On May 1, 2007, appellees moved for summary judgment on all claims except for the request for judicial dissolution. By judgment entry filed June 7, 2007, the trial court granted the motion as to the slander, conversion and replevin claims, and denied the motion as to the remaining claims. On June 14, 2007, appellees filed a motion for reconsideration. By judgment entry filed August 8, 2007, the trial court granted summary judgment to appellees on appellants' breach of fiduciary duty claim, and denied appellees' counterclaim for the same. Thereafter, the parties settled the *Page 3 
breach of contract claim. Appellees then prepared a dissolution order which essentially left Paragon with no assets. The trial court adopted the order on December 12, 2007.
 {¶ 5} Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 6} "THE TRIAL COURT ERRED BY TREATING THE MAGISTRATE'S DENIAL OF THE MOTION FOR A PRELIMINARY ORDER OF POSSESSION AS RES JUDICATA ON THE CONVERSION AND REPLEVIN CLAIMS."
 II {¶ 7} "THE TRIAL COURT ERRED BY ADOPTING VISION'S DISSOLUTION PROPOSAL WHERE IT OFFSET ITS DEBT TO PARAGON AGAINST THE AMOUNTS ALLEGEDLY OWED BY PARAGON."
 III {¶ 8} "THE TRIAL COURT ERRED BY GRANTING VISION SUMMARY JUDGMENT ON THE BREACH OF FIDUCIARY DUTY CLAIM WHEN EVIDENCE INDICATED THAT VISION USED ITS POSITION AS THE CONTROLLING MAJORITY MEMBER OF PARAGON TO PAY DEBTS OWED TO ITSELF TO THE EXCLUSION OF DEBTS OWED TO PRICE, THE MINORITY MEMBER."
 I {¶ 9} Appellants claim the trial court erred in adopting in its final judgment entry the magistrate's findings and conclusions from the hearing on their motion for a preliminary order of possession. Appellants had requested a preliminary order of possession pursuant to R.C. 2737.03 regarding their claims for replevin and conversion. *Page 4 
Appellants now argue the hearing before the magistrate was preliminary in nature, and a full hearing on the issues was required.
 {¶ 10} In its June 7, 2007 order, the trial court found the replevin and conversion claims were resolved by the magistrate's May 21, 2007 decision:
 {¶ 11} "The Plaintiff Dakota Graphics' conversion claims relating to equipment kept by defendants were resolved by the replevin hearing and decision of the magistrate on 5-21-07. The plaintiff has already retrieved some equipment and supplies. The plaintiff was unable to prove that the remaining equipment or supplies possessed by Vision or Paragon probably belong to Dakota Graphics. That decision was not objected to by either side. The court consequently will enter judgment on that decision and the issue is res judicata in this case."
 {¶ 12} In his decision filed May 21, 2007, the magistrate concluded the following:
 {¶ 13} "Here the plaintiff has not sustained his burden of proof by a preponderance of the evidence to establish his right to possess the balance of the inventory of property of Dakota Graphics still at Visions for a variety of reasons. The Magistrate has no way of knowing who truly owns the disputed property such as the remainder of the 320 screen frames and multitude of film positives. There are no identifying marks on these items and both parties claimed to have purchased them. The only item of equipment with a serial number, the vacuum exposure unit, is not an exact match according to the plaintiff's own records (0522-V3-G18D vs. 0522-V3-G180DX) so there has also been a failure of proof that the plaintiff is entitled to the return of that unit. *Page 5 
 {¶ 14} "R.C. 2737.07(B) expressly provides that `the hearing shall be limited to a consideration of whether there is probable cause to support the motion.' R.C. 2737.01(C) defines that probable cause as whether it is likely the movant is likely to obtain judgment against the respondent at the trial or the final hearing on the matter.
 {¶ 15} "Therefore, the Magistrate must conclude that there is not probable cause to support the plaintiff's motion for possession of the balance of specific personal property listed in his inventory of equipment claimed to be owed by plaintiff Steven Price/Dakota Graphics."
 {¶ 16} No objections were made to the magistrate's findings of fact and conclusions of law pursuant to Civ. R. 53(D)(3)(b)(iv) which states the following:
 {¶ 17} "(b) Objections to magistrate's decision.
 {¶ 18} "(iv) Waiver of right to assign adoption by court as error onappeal. Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ. R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ. R. 53(D)(3)(b)."
 {¶ 19} However, the magistrate's decision was never adopted by the trial court. Pursuant to Civ. R. 53(D)(4)(a), "[a] magistrate's decision is not effective unless adopted by the court."
 {¶ 20} Despite the fact that no objections were filed, some definitive action by the trial court was required. By adopting the facts of a "probable cause" hearing (as required by R.C. 2737.07), did the trial court in fact adopt the magistrate's findings? Given the facts presented sub judice, we conclude the trial court's June 7, 2007 *Page 6 
judgment entry did indeed adopt the magistrate's findings. It appears the trial court conducted an independent evaluation of the request for possession of the items enumerated in Exhibit C attached to appellants' complaint.
 {¶ 21} Upon review, we conclude the trial court did not err in finding the matter was resolved because of appellants' failure to object to the magistrate's decision.
 {¶ 22} Assignment of Error I is denied.
 II {¶ 23} Appellants claim the trial court erred in granting appellee Vision an offset of its debt owed to Paragon against the amount owed by Paragon to appellee Vision.
 {¶ 24} Specifically, appellants claim in its order of judicial dissolution filed December 12, 2007, the trial court favored one debtor over another:
 {¶ 25} "6. The Court find that Paragon's financial records reflected an accounts payable by Paragon of $70,169.87 due and owing to Vision, which fully offset the $67,689.37 that was maintained as an accounts receivable due from Vision on Paragon's financial records."
 {¶ 26} As a transcript of the settlement indicates, appellant Price settled his breach of contract claim against Paragon for $75,000.00. July 31, 2007 T. at 26. Also, at the same hearing, appellee Vision requested a set-off for amounts owed by Paragon to appellee Vision. Id. at 29. It is undisputed that Paragon appears to have remaining assets of $67,689.37. Id. at 5, 21-22.
 {¶ 27} R.C. 1705.46 specifically addresses the distribution of assets as follows in pertinent part: *Page 7 
 {¶ 28} "(A) Upon the winding up of a limited liability company and the liquidation of its assets, the assets shall be distributed in the following order:
 {¶ 29} "(1) To the extent permitted by law, to members who are creditors and other creditors in satisfaction of liabilities of the company other than liabilities for distributions to members;
 {¶ 30} "* * *
 {¶ 31} "(B) A limited liability company that is winding up its affairs and liquidating its assets shall pay or make reasonable provision to pay all claims and obligations, including all contingent, conditional, or unmatured claims and obligations that are known to the company and all claims and obligations that are known to the company but with respect to which the claimant or obligee is unknown. If there are sufficient assets, the claims and obligations shall be paid in full or any provision to pay them shall be made in full. If there are insufficient assets, the claims and obligations shall be paid or provided for according to their priority, and claims and obligations of equal priority shall be paid ratably to the extent of the assets available for their payment. Unless otherwise provided in the operating agreement, any remaining assets shall be distributed as provided in division (A) of this section."
 {¶ 32} Upon review, we find the set-off granted by the trial court violates the mandates of this statute. We reverse the order of judicial dissolution and remand the matter for distribution of the final assets pursuant to R.C. 1705.46(A)(1) and (B).
 {¶ 33} Assignment of Error II is granted. *Page 8 
 III {¶ 34} Appellants claim the trial court erred in granting summary judgment to appellee Vision on the breach of fiduciary duty claim.
 {¶ 35} Summary Judgment motions are to be resolved in light of the dictates of Civ. R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins, 75 Ohio St.3d 447, 448,1996-Ohio-211:
 {¶ 36} "Civ. R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex. rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 37} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35.
 {¶ 38} In their complaint filed February 25, 2005, appellants averred appellee Vision owed them a fiduciary duty and breached that duty:
 {¶ 39} "34. The Defendant, Vision Industries, Inc., breached its fiduciary duties to Steven Price, by actively taking over the sole and complete operation of Paragon *Page 9 
Graphics, Ltd., and by utilizing said business for its own personal gain, and to the detriment of its co-member, Steven Price.
 {¶ 40} "35. By reason of the breach of its fiduciary duties to Steven Price, the Defendant, Vision Industries, Inc. damaged the Defendant, Steven Price, in the sum of One Hundred Thousand Dollars ($100,000.00)."
 {¶ 41} In their May 29, 2007 memorandum in opposition to appellees' motion for partial summary judgment, appellants specifically stated the following as to their claim for breach of fiduciary duty:
 {¶ 42} "1. Vision Industries, Inc. exercised complete dominion and control over the financial aspects of the company and decided who was to be paid. Vision Industries, Inc. paid itself under the contractual obligations owed by Paragon to it far in excess of the amounts owed under the contractual obligations to Steve Price or his other company, Dakota Graphics, Inc.
 {¶ 43} "2. Visions Industries, Inc. and Cooper paid themselves back loans that they had made and paid substantially less on the loans made by Mr. Price to Paragon Graphics, Ltd.
 {¶ 44} "3. Vision Industries, Inc. basically got free work performed by Paragon Graphics, Ltd. for Vision Industries by running up an accounts receivable and not paying for the same. In short, any moneys that became available were paid to Visions for its benefit and were not paid to Steven Price."
 {¶ 45} In Crosby v. Beam (1989), 47 Ohio St.3d 105, 108, the Supreme Court of Ohio held the following: *Page 10 
 {¶ 46} "Generally, majority shareholders have a fiduciary duty to minority shareholders. Jones v. H.F. Ahmanson Co. (1969), 1 Cal.3d 93,81 Cal.Rptr. 592, 460 P.2d 464. Courts in sister states and Ohio appellate courts have found a heightened fiduciary duty between majority and minority shareholders in a close corporation.* * *This duty is similar to the duty that partners owe one another in a partnership because of the fundamental resemblance between the close corporation and a partnership. Donahue, supra, 367 Mass. at 593, 328 N.E.2d at 515, found the standard of a duty to be of the `"utmost good faith and loyalty."'" (Footnote omitted.)
 {¶ 47} "Majority or controlling shareholders breach such fiduciary duty to minority shareholders when control of the close corporation is utilized to prevent the minority from having an equal opportunity in the corporation." Crosby at 109.
 {¶ 48} Because our review is de novo, we will examine each of the claims.
 DOMINION AND CONTROL OVER FINANCIAL ASPECTS {¶ 49} It is undisputed that appellant Price, at the outset and throughout the relationship, did not determine what bills were to be paid. Christina Anatra depo. at 22, 36, 40-42. Appellee Vision's employees determined what was to be paid. Id. As far as paying bills, appellee Vision favored its own company, Paragon, as appellee Vision owned 51% of Paragon. Id. at 25, 36.
 {¶ 50} In their memorandum in opposition at 10, appellants alleged appellee Vision recovered 70.5% of its rents due from Paragon: "Of the $183,226.00 claimed by Visions from Paragon, $129,338.00 was paid." The remaining balance would be $53,888.00. In contrast, only 13.9% of the equipment rental fee owed to appellant *Page 11 
Dakota was paid: "Of the $74,644.00 claimed on the equipment rental to Dakota Graphics, only $10,398.00 was paid." The remaining balance would be $64,246.00.
 {¶ 51} These figures belie favoritism to appellee Vision because the difference in the remaining amounts owed to appellee Vision and appellants ($10,358.00) is de minimus in light of the entire amounts owed.
 REPAID LOANS {¶ 52} Appellants argue appellee Vision favored itself in the re-payment of loans. Appellants claim two outstanding loans to Paragon, $12,916.66 and $4,325.00, while appellee Vision "was paid back in full for whatever sums they loaned." See, Memorandum in Opposition at 10 and 11. Appellee Vision counters this argument by claiming the parties suspended the payment of loans because of its bleak financial position, and appellant Price never attempted to collect or to enforce his right to a return of the loaned monies. Appellees' Brief at 28-29.
 {¶ 53} As to this issue, we find genuine issues of material fact exist and therefore summary judgment on the preferential repayment of the loans was error.
 ACCOUNTS RECEIVABLE {¶ 54} Appellants argue appellee Vision received free work from Paragon by running up accounts receivable against Paragon. Appellants' memorandum in opposition offered no evidence to support this claim.
 {¶ 55} Under de novo review, we find the only issue requiring a trial on the merits is the preferential repayment of the loans.
 {¶ 56} Assignment of Error III is granted on the sole issue of whether a fiduciary duty was breached in the repayment of the loans. *Page 12 
 {¶ 57} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed in part and reversed in part.
Farmer, P.J. Delaney, J. concurs and Edwards, J. concurs in part and dissents in part. *Page 13